## OCCUPATION OF SIDEWALK WITH STAND FOR VENDING WARES.

Superior Court of Cincinnati.

UNITED CIGAR STORES CO. v. VON BARGEN, AUDITOR, ET AL.

Decided, October 8, 1908.

*Foreign Corporation—Right of, to Bring Suit as a Tax-Payer—Municipal Corporations—Power to License—Neither City nor Abutting Property Owner can Authorize Use of Sidewalk by Vendors—Sections 1536-668 and 1536-327.*

1. Where a foreign corporation is a tax-payer, it has the same authority under Section 1778 (1536-668) as a resident corporation or individual to bring an action to enjoin a municipality from abuse of its corporate powers.

2. The general licensing powers conferred upon municipalities by Section 2669 (1536-327) do not render valid an ordinance whereby the municipality permits a peddler, under the guise of a license, to occupy a portion of the inside of the sidewalk by a structure built against the wall and used by him for the purpose of vending his wares.

3. The fact that such a peddler's stand has been maintained for a period of seventeen years does not create any right in the sidewalk, nor relieve the municipality from the duty of clearing the sidewalk of such obstruction; nor does the fact that the structure is maintained under an agreement with the property owner create any right for such occupancy of the sidewalk as against the rights of the general public.

*Jacob Shroder,* for plaintiff.
*Goeffrey Goldsmith,* Assistant Solicitor, for the City.
*Gideon C. Wilson,* for Joseph Massa.

SPIEGEL, J.

Heard on demurrer.

The plaintiff, the United Cigar Stores Company, files a petition alleging that it is a corporation incorporated under the

laws of New Jersey, and that it institutes this suit on behalf of the city of Cincinnati, the city solicitor having failed to do so, although requested thereto, and complains that the council of said city passed an ordinance on the 2d day of June, 1905, authorizing peddlers from stands to sell fruits, candies, groceries and other articles upon payment of a license fee of fifteen dollars annually; that in pursuance of said ordinance, which was duly approved by the mayor, said auditor, Ernst Von Bargen, issued such license to the defendant, Joseph Massa, who thereupon took possession of a permanent stand at the northwest corner of Fifth and Walnut streets and extending on the west side of Walnut street, from which he sells fruits, etc.; that the issuance of such license to use and occupy said space with a permanent stand is an abuse of the corporate power conferred by law on said city, and that said ordinance is invalid.

Plaintiff further says that said northwest corner of Fifth and Walnut streets and the west side of Walnut street for more than one hundred feet north of said corner is used by a large number of lines of the street railway system as one of its termini, and that said sidewalk is in consequence constantly made use of as a passage-way during the day and evening by a great number of passengers of said lines, and that said stand extends northward on Walnut street about twelve feet, and extends over the sidewalk about three feet; that this a gross abuse of the corporate power of the city from which the damage is irreparable, and for which there is no adequate remedy at law.

Plaintiff prays for an injunction against the defendants restraining the granting and continuance of licenses under said ordinance to a "peddler from stand," and especially the continuance of a license to Mr. Massa, restraining him from occupying said stand. There is attached to said petition a copy of the license issued to him.

To this petition the city and its auditor file a joint answer admitting the issuance of a peddler's stand license to Massa, denying, however, that said license assigned to him the northwest corner of Fifth and Walnut streets and twelve feet on Walnut street, or any other locality whatsoever, but admits that said stand has for seventeen years been occupied in said

locality for said purpose, and finally denies that such stand is in any way a nuisance or impediment to travel. The answer further alleges that the occupancy of the inside strip of said sidewalk is by virtue of a lease subsisting between the defendant, Joseph Massa, and the Owl Drug Company, the owner of the property on which said stand abuts. The defendants finally deny any abuse of corporate power on the part of the city, or that said license is invalid.

The defendant, Joseph Massa, interposes a demurrer to the petition on three grounds, namely: that the United Cigar Stores Company, a corporation under the laws of New Jersey, has not the legal capacity to institute this proceeding; that there is a defect of parties defendant, and that the petition does not state facts sufficient to constitute a cause of action.

This decision is upon the demurrer.

The first ground for demurrer is based upon the legal incapacity of the plaintiff, a foreign corporation, to institute this proceeding. Section 1778 (1536-668), Revised Statutes, provides that any tax-payer may institute such suit, the city solicitor upon request failing to do so. No distinction is made by law in the filing of such suit, as to whether the plaintiff is a person or a corporation, and whether such corporation is resident or foreign. All that is required is that the party instituting the suit shall be a tax-payer. The Elyria case (57 O. S., 374) is in point as to the question of corporations bringing such suit, and I can not see any distinction between a foreign and a resident corporation as long as such corporation is, in the words of the statute, a tax-payer. The question of interstate comity does not arise in this case.

The second proposition, that there is a defect of parties defendant, is not urged by demurrant, and an examination of the pleadings does not disclose a defect of parties defendant.

I come now to the third ground, that the petition does not state facts sufficient to constitute a cause of action. The petitioner alleges that the city has been guilty of an abuse of its corporate authority by issuing licenses to peddlers from stands in accordance with the ordinance already cited. It is axiomatic American law that a municipality has only such powers as are

granted to it by the state. Section 2669 (1536-327), Revised Statutes, authorizes municipal councils to license peddlers. This is a generic term. It is certainly opposed to permanency, such permanency as a structure on a sidewalk built against the house used for the purpose of vending wares. The action of him receiving this license in locating in a structure on the sidewalk and using it for a permanent storeroom, the city authorities permitting it, stamps this "peddler stands" license with its true quality, although the same does not specifically assign any locality to its recipient. The word peddler has a well defined meaning. It means an ambulatory person, not a merchant with a fixed location, and council has no authority to add to or widen this meaning, unless directly authorized by the state so to do. *Mays* v. *Cincinnati,* 1 O. S., 269.

The fact that the stand, as alleged in the city's answer, has been in that locality for seventeen years does not create any rights against the city (*Elster* v. *Springfield,* 49 O. S., 82). It is the city's duty to keep its sidewalks and streets free from obstruction, and not to license individuals to occupy them and obstruct public travel.

Arguments relative to markets, etc., are not analagous nor in point, for the Ohio statutes expressly distinguish market places from streets, and permanent stands in markets are authorized by statute. It is the policy of our law to keep our public places free from obstruction, and this duty is cast upon the municipal authorities. They can not evade it, much less destroy it, by illegally enlarging the terms of the statute by the passage of an ordinance. It is true the city alleges in its answer that it does not authorize the use of the sidewalk or any part thereof for private business purposes, that this license designates no permanent place, and if so occupied this is done by private arrangement between the owner of the premises and the peddler from the stand, but this is a mere subterfuge. The municipal authorities instead of keeping the sidewalk free from obstruction stand idly by and see it thus occupied for seventeen years. The owner of the property has no greater right in the sidewalk in front of his premises than the gen-

eral public.    He has a right to have it free from obstruction the same as the people, so that anybody may freely enter his premises.    The general public has the right to have the sidewalk in front of his premises free from obstruction for the general purposes of travel.    The rights and duties of both the owner of the premises, and the general public in said sidewalk are reciprocal.    The owner possesses but an easement, and so does the general public.    *Branahan* v. *Hotel Co.*, 39 O. S., 334.

The demurrer is overruled.